UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

SHAWN THOMPSON,

        Plaintiff,                            Case No.  1:14-CV-1203

v.

                                               HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

———————————————————————/

## O P I N I O N

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Shawn Thompson seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

### STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence

supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence could have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

2

## PROCEDURAL POSTURE

Plaintiff was 44 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 30, 111.) He was previously employed as a concrete mason, heavy equipment operator, and heavy equipment repairer. (Tr. 368.) Plaintiff applied for benefits on August 8, 2012, alleging that he had been disabled since October 31, 2011 due to injuries to his back, right shoulder, right hip, and neck. (Tr. 111.) Plaintiff's application was denied on February 15, 2013, after which time he requested a hearing before an ALJ. (Tr. 139–143, 153–54.) On May 14, 2014, Plaintiff appeared with his counsel before ALJ William Reamon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 58–97.) In a written decision dated June 20, 2014, the ALJ determined that Plaintiff was not disabled. (Tr. 30–57.) On October 2, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 1–6.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]1.   An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2.   An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

(continued...)

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Reamon determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (Tr. 35.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease of the lumbar and cervical spine;

---

[1](...continued)

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

(2) degenerative joint disease of the right shoulder; (3) right hip labral tear; (4) affective disorder; (5) posttraumatic stress disorder; (6) alcohol abuse; (7) benzodiazepine abuse; and (8) marijuana abuse.  (Tr. 35.)  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments.  (Tr. 36.)  At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) except he can only stand and walk for a combined total of up to two hours in an eight-hour workday.  The claimant can occasionally push and pull with his bilateral upper extremities, and he can only occasionally use his right upper extremity for overhead lifting and reaching.  Additionally, the claimant is limited to understanding, remembering, and carrying out simple instructions.  The claimant also can have only occasional interaction with supervisors, coworkers, and the general public.

(Tr. 38.)  Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work.  (Tr. 49.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations.  *See Richardson*, 735 F.2d at 964.  The VE testified that there existed approximately 8,300 jobs in the state of Michigan as an office helper, inspector, and packager or sorter, that an individual similar to Plaintiff could perform.  (Tr. 94.)  This represents a significant number of jobs.  *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

5

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from October 31, 2011, (the alleged onset date) through June 20, 2014 (the date of the decision). (Tr. 50–51.)

## DISCUSSION

Plaintiff's Statement of Errors raises the following claims:

1. The Commissioner erred in assigning [in]appropriate weight to the opinions of Jamie Hall, M.D., the Plaintiff's treating physician;

2. The Commissioner erred in giving "great weight" to the opinions of Dr. Maryman, a non-treating source, who provided a single consultative examination; and

3. The Commissioner erred by granting "great weight" to [United States Department of Veterans Affairs'] VA decision makers when it determined that Mr. Thomas [sic] was 60% disabled, then refused to consider new and material evidence once he was awarded 100% disability from the VA.

(ECF No. 12, PageID.1936.)  The Court will discuss the issues below.

### A. Substantial Evidence Supports the ALJ's Decision to Assign "Little Weight" to Dr. Hall's Opinion.

On November 20, 2013, Dr. Jamie Hall filled out a check-box worksheet regarding Plaintiff's physical RFC.  Dr. Hall opined that Plaintiff's limitations were greater than the ALJ's findings indicated. Among other things, Dr. Hall stated that Plaintiff could never, sit, stand, bend, squat, crawl, kneel, reach over his shoulders, or lift even ten pounds.  (Tr. 1409.) Dr. Hall further opined that Plaintiff would be off task for at least fifteen percent of the workday and would need an ability to sit or stand at will.  (Tr. 1409–10.)  Plaintiff would

6

further be likely to miss three or more days of work a month and would need to spend an

hour in a workday lying down in a bed.  (Tr. 1410.)  The ALJ assigned the opinion "little

weight:"

> [T]he extreme limitations she proposed are without any support
> from the medical evidence or the record as a whole, including
> her own clinical examination findings and the claimant's
> reported activities of daily living.  Additionally, Dr. Hall
> provided this significantly limiting opinion after just one
> appointment with the claimant, which suggests that she based
> many of her proposed limitations on the claimant's subjective
> reports.  Yes, as explained above, there exist good reasons for
> questioning the reliability of the claimant's subjective reports.

(Tr. 48.) (internal citations omitted.)  Plaintiff claims the ALJ failed to provide good reasons

for giving less than controlling weight to Dr. Hall's opinion and further erred by failing to

properly consider the factors articulated in 20 C.F.R. § 404.1527(c)(2).  The Court disagrees.

The treating physician doctrine recognizes that medical professionals who have a long

history of caring for a claimant and his maladies generally possess significant insight into his

medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must,

therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is

"well-supported by medically acceptable clinical and laboratory diagnostic techniques" and

(2) the opinion "is not inconsistent with the other substantial evidence in the case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R.

§ 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based

upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.*  This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376.  In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency

of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. Jan. 19, 2007).

The record shows Plaintiff sought treatment with Dr. Hall on four occasions before Dr. Hall rendered her opinion: twice in 2010, before Plaintiff's alleged onset date, once in 2012 for a laceration on Plaintiff's hand, and once in 2013 on the day Dr. Hall offered her opinion. (Tr. 1406–08, 1411–12.)[2] It also appears Dr. Hall wrote a letter in support of Plaintiff's application for VA benefits, documenting her treatment with Plaintiff prior to his alleged onset date. (Tr. 1405.) None of these notes, however, support the doctor's later conclusions that Plaintiff was as impaired as alleged. The treatment notes before Plaintiff's alleged onset date document x-rays on Plaintiff's cervical spine and knee. They revealed narrowing of cervical vertebrae, the AC joint in Plaintiff's right shoulder, and in Plaintiff's knee. (Tr. 1407–08.) For all these impairments, Dr. Hall treated Plaintiff with medication. (Tr. 1407–08.) As noted in the doctor's October 31, 2011 letter, these impairments did not appear to restrict Plaintiff's activities in any way, because the Plaintiff was engaging in

---

[2] For this reason, the ALJ's statement that Dr. Hall's opinion is based off Plaintiff's subjective complaints because he only met with Dr. Hall once before Dr. Hall rendered her opinion is unsupported by substantial evidence. Had this been the only reason the ALJ offered for discounting Dr. Hall's opinion, the ALJ would have run afoul of the "good reasons" requirement. However , as further discussed, here the ALJ provided other reasons for discounting the opinion.

vigorous physical exercise. (Tr. 1405.)  As for Plaintiff's treatment after his alleged onset date, on November 22, 2012, treatment notes merely document Plaintiff sought treatment for a cut on his right hand.  (Tr. 1406.)  The treatment notes on November 20, 2013, that coincide with Dr. Hall's RFC opinion, consist mostly of Plaintiff's subjective complaints of hearing loss, muscle loss, anxiety, depression, and right shoulder and hip pain, but little treatment.  (Tr. 1411–12.)  None of these notes support the doctor's conclusion that Plaintiff was as limited as the doctor opined.  Moreover, Plaintiff stated he is able to attend daily military formations, prepare meals, clean, do laundry, drive a car, go shopping, pay bills, count change, and is "good" at handling stress.  (Tr. 255–56, 259.)  The ALJ properly found that these activities of daily living were inconsistent with the doctor's opinion.  Accordingly, the ALJ provided good reasons, supported by substantial evidence, for giving less than controlling weight to Dr. Hall's opinion.

Plaintiff claims the ALJ nonetheless erred by failing to properly address the factors listed above in determining what weight to assign the doctor's opinion.  The Court is not convinced.  At the beginning of the ALJ's discussion, the ALJ noted his obligation to consider the evidence under 20 C.F.R. § 404.1527.  (Tr. 38.)  The ALJ also explicitly discussed several of the enumerated factors, primarily whether the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques," whether it was "inconsistent with the other substantial evidence in [the] case record," and how the evidence in the record informed the ALJ's determinations on each of these factors.  (Tr. 48.)

Regardless of the other factors the ALJ was required to consider, the opinions and evidence mentioned thus far provide substantial evidence for the ALJ's decision to accord Dr. Hall's opinion little weight.  No matter how long Dr. Hall had been treating Plaintiff or how much experience she has with such conditions, the record supports the ALJ's findings that the doctor's notes were internally inconsistent and that her opinion contradicted the Plaintiff's own reports of his daily activities.  Accordingly, Plaintiff's first claim of error is rejected.

**B. The ALJ Did Not Err in Giving Dr. Maryman's Opinion "Great Weight."**

On January 30, 2013, Dr. Gary Maryman, PSY.D., evaluated Plaintiff for the state disability agency.  (Tr. 1124–27.)  Dr. Maryman assigned Plaintiff a GAF of 70 and a "good" prognosis.  (Tr. 1127.)  Dr. Maryman concluded that Plaintiff had:

> The intellectual ability necessary for him to understand, retain, and carry out a simple to somewhat more complicated instruction and task.  It also appeared that he should be quite capable of carrying out a work assignment quite adequately across the routine work schedule.  He should be able also to interact appropriately with fellow workers and supervisors and he did not appear necessarily unable to interact and deal with the general public as well.  It also appeared that he should be quite capable of adjusting and adapting to stressors and pressures of at least a medium to lower stress work environment.

(Tr. 1127.)  In giving the opinion "great weight" the ALJ noted the opinion:

> Generally [is] supported by the medical evidence and the record as a whole, including the mental status examination findings and the claimant's reported activities of daily living.  Moreover, Dr. Maryman is an impartial psychological expert who had an opportunity to examine the claimant in person prior to providing his opinion.

11

(Tr. 47.)  Plaintiff claims the ALJ's decision to assign "great weight" to this opinion is unsupported by substantial evidence because the ALJ failed to consider the opinion under the factors articulated in 20 C.F.R. § 404.1527.  The Court disagrees.

The opinions of a consultative examiner are not entitled to any particular weight.  *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014); *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012).  As noted above, there is no requirement that an ALJ explicitly discuss all of the factors articulated in § 404.1527, and the ALJ began his discussion of the evidence by stating his obligation to consider the opinion under the regulation.  (Tr. 38.); *Oldham*, 509 F.3d at 1258.  Here the ALJ discussed the supportability of Dr. Maryman's opinion with the record as a whole as well as Dr. Maryman's specialization as a psychological consultative examiner.  This was adequate to reflect that the ALJ considered the requisite factors in assessing the opinion.  Moreover, Dr. Maryman's opinion is supported in numerous instances in the record.   (Tr. 446, 612–13, 667.)  Accordingly, Plaintiff's claim of error is denied.

## C. Plaintiff is Not Entitled to a Sentence Six Remand.

In his decision, the ALJ gave "great weight" to the VA's assignment of a 60% disability rating to Plaintiff due to Plaintiff's degenerative disc disease, tinnitus, and bursitis. (Tr. 47.)  The ALJ noted that opinions from the VA are not binding on the Social Security administration, but nonetheless found the VA's conclusion that Plaintiff was not totally disabled consistent with the medical evidence and the record as a whole.  (Tr. 47.)  Plaintiff

12

now presents evidence that the VA has subsequently found Plaintiff to be 100% disabled due to PTSD, adjustment disorder, and alcohol and marijuana abuse. (Tr. 1861–82.) The VA applied this finding retroactively to May 25, 2013. (Tr. 1880.) Plaintiff argues that the Commissioner erred when the ALJ gave great weight to the earlier VA opinion, but the Appeals Council failed to give similar consideration to the VA's latter determination. As an alternative request for relief, Plaintiff requests a sentence six remand. (ECF No. 12, PageID.1951–52.) The Court is not persuaded.

"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 482–83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence Plaintiff now presents is "new" and "material," and that there is "good

cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483*; see also Longworth v. Comm'r*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Balogh v. Comm'r of Soc. Sec.*, 94 F. App'x 286, 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. The parties agree that good cause exists, but Defendant argues the evidence is not new or material. (ECF No. 13, PageID.1970–73.)

Plaintiff's brief does not discuss or cite the specific evidence on which the VA relied when it issued its subsequent determination, and he therefore has not satisfied his burden of establishing that the evidence was both new and material. *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013) ("The fact of a subsequent favorable assessment is not itself new and material evidence under § 405(g); only the medical evidence that supported the favorable assessment can establish a claimant's right to a remand."); *see also Foster*, 279 F.3d at 357.

Even if the Court were to rule on the merits of Plaintiff's claim, it would fail. Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff seems to believe that because great weight was given to the prior determination, great weight should be required of this opinion. Plaintiff points to no authority requiring such a

14

conclusion, however, especially where, as here the subsequent determination is based on different impairments than the prior determination.  Accordingly, Plaintiff's claim of error and request for a sentence six remand is rejected.

### CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.

.

Dated: <u>February 22, 2016</u>          <u>/s/ Robert Holmes Bell</u>
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE